[594] Moephy, J.
delivered tie opinion of the court.
Tie plaintiffs are appellants from an order discharging a rule tasen by them on W. S. Brown, to obtain judgment against him as surety of defendant on a bail bond. Tie record shows that no writ of capias ad saUsfaciendum was issued or could have issued, because a, fieri facias taken out in tie case was returned only on tie 6th of May, 1840, after tie promulgation of tie act of Assombly abolishing imprisonment for debt. Plaintiffs’ right to any writ or process against tie body of defendant being gone, it is clear that tie liability of tie bail ceased, because he had no longer the power of keeping defendant, and could not surrender him. The evidence relied on to show that tie condition of tie bond was broken by defendant’s leaving tie State in tie mean time, cannot avail plaintiffs, because tie liability of tie bail was not fixed by tie departure of tie debtor; but for tie law above mentioned, tie bail could have surrendered him at any time before judgment was rendered against himself, and his obligation was only to present the defendant on execution of tie definitive judgment in tie suit. Code of Practice, arts. 230, 231, 235; 8 Mart. M. S. 129; Acts of 1840, p. 131.
The judgment of tie commercial court is therefore affirmed, with costs.